# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Docket No. 3:01CV002084 (DJS) |
| VS. | : | |
| ESTATE OF MICHAEL F. CONFORTI, | : | |
| AND ROSELYN CONFORTI, | | |
| EXECUTRIX OF ESTATE OF | : | |
| MICHAEL F. CONFORTI, | | |
| | : | |
| Defendants. | | March 10, 2004 |

## GOVERNMENT'S REPLY TO DEFENDANTS' MEMORANDUM IN OPPOSITION TO MOTION FOR EXAMINATION OF JUDGMENT DEBTOR

The Government commenced this collection action on November 8, 2001, seeking to recoup benefit overpayments made by the Veterans Administration to the decedent, Michael F. Conforti. The overpayments were made to Mr. Conforti beginning in 1994. The Government prevailed in this action and summary judgment entered in its favor on April 1, 2003 in the amount of $6,281.00, plus interest. The District Court granted the defendants' request to reconsider its entry of summary judgment, however on May 7, 2003, the District Court declined to disturb its judgment. The defendants then filed a Notice of Appeal on June 17, 2003, but failed to file Forms C and D, required by the Second Circuit Court of Appeals. The Government made written demand upon defendants' counsel for payment of the judgment amount by letter dated November 6, 2003; or in the alternative, propounded financial discovery.

Prompted by the Government's demand and discovery request, counsel for the defendants contacted the Second Circuit Court of Appeals and, on or about November 17, 2003, finally filed with the Court of Appeals Forms C and D out of time. No further activity occurred in the case on appeal; and the defendants never responded to the Government's November 6, 2003 demand and discovery request.

Accordingly, the Government filed its motion for examination of judgment debtor on February 25, 2003. On February 26, 2004, the Second Circuit Court of Appeals issued a scheduling order and, more recently, on March 1, 2004, the Government received notice that a telephonic pre-argument conference has been scheduled with the parties and the Second Circuit Court of Appeals on March 12, 2004.

The defendants[1] oppose the Government's request for a debtor examination based upon two arguments. The first argument is that the Government's request is "premature" due to the pending appeal. The second argument appears to be more of a factual assertion that defendant Roselyn Conforti does not have a financial ability to satisfy this Court's judgment. The defendants' arguments must fail based upon the following reasons.

First, pursuant to the Rule 8 of the Fed. R. App. P., there is no automatic stay of this Court's judgment pending appeal. Rather, the defendants must first file an appropriate motion with either the District Court or the Court of Appeals. The defendants have failed to seek a stay

---

[1] This action was brought by the Government against two defendants: the Estate of Michael F. Conforti and the Executrix of the Estate, Roselyn Conforti. The defendants' opposition memorandum however, is styled in the singular.

in either Court and, accordingly, the Government is entitled to pursue collection remedies to enforce this Court's well founded summary judgment.

Defendants' unsupported claim that Ms. Conforti lacks a financial ability to satisfy the judgment entered against her is misplaced. Clearly, the Government has a right to compel compliance with its outstanding discovery requests to determine the defendants' financial situation, whatever that situation may be. The financial discovery propounded by the Government four months ago is relevant to its efforts to enforce payment of the judgment, and more importantly, is permitted under the authority relied upon in the Government's pending motion for examination of judgment debtor. The Government is particularly interested in an explanation concerning a $200,000.00 civil settlement the Confortis once received, especially in light of Ms. Conforti's assertion that she now has no ability to satisfy the judgment.

Finally, it is important to note that the defendants can avoid a debtor examination altogether if they would simply comply with the Government's written discovery requests. In fact, the Government would prefer that the defendants comply with its discovery requests, rather than expending the Court's and the parties' time at a hearing. Ultimately, the defendants are delaying the inevitable, and have in fact successfully avoided repaying overpayments owed to the Government for ten years.

The Government respectfully maintains however, that it is entitled to financial discovery to aid in execution of judgment. Based upon all of the foregoing reasons, the Government respectfully requests that its motion for examination of judgment debtor be granted.

Respectfully submitted,

Kevin J. O'Connor
United States Attorney


Christine Sciarrino
Assistant United States Attorney
P.O. Box 1824
New Haven, CT   06510
(203) 821-3780
Federal No. CT3393

<u>Certification</u>

This is to certify that a copy of the foregoing was mailed, postage prepaid, on this 10th

day of March, 2004 to:

Eddi Z. Zyko, Esq.
102 Fenn Road
Middlebury, CT   06762

_____

Christine Sciarrino